IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FAHEY, | No. C 06-06554 CRB |
| Plaintiff, | **ORDER RE: SUPPLEMENTAL EVIDENCE** |
| v. | |
| WESTERN CONFERENCE OF TEAMSTERS PENSION PLAN, | |
| Defendant. | |

In this action, Joseph Fahey seeks to recoup pension benefits. He originally filed a claim for benefits with the administrator of his pension plan. But when the administrator failed for months to rule on his claim, he took the matter to federal court. The plan administrator objected to the lawsuit, claiming that Fahey had failed to exhaust his administrative remedies. This Court rejected that argument, and denied Defendant's motion to dismiss, noting that the putative failure to exhaust was due to the plan administrator's own failure to adjudicate Fahey's claim within the time limits prescribed by ERISA. (The plan administrator then belatedly denied Fahey's claim.) By stipulation, the parties agreed that the Court would review the record *de novo* to determine whether the denial of benefits was proper. Cross-motions for summary judgment followed. The Court then "converted" the cross-motions for summary judgment into a bench trial on the administrative record. See

Kearny v. Standard Ins. Co., 175 F.3d 1084, 1094-95 (9th Cir. 1999) (en banc). The question presented is whether, between 1994 and 1999, Fahey was an employee of Local 912 when he continued to serve as its president, even though he received no compensation for his services.

The Court finds that, given the unusual procedure posture of this case, and given the significant factual disputes contained in the parties' cross-motions for summary judgment, the submission of additional evidence is appropriate "to enable the full exercise of informed and independent judgment." Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan, 46 F.3d 938, 944 (9th Cir. 1995). The Court therefore gives leave for the parties to take the depositions of Joseph Fahey and Sergio Lopez. The parties are ordered to complete these two depositions not later than July 31, 2007. The depositions shall not last longer than four hours each. The depositions shall both occur on the same day, at a time and location to be determined by the parties, with Fahey's deposition to be taken first. With respect to the exhibits that the parties may use during their examination of these witnesses, the parties shall be restricted to the materials already submitted to the Court in connection with their cross-motions for summary judgment, unless they can agree to stipulate to the introduction of additional evidence.

Upon the conclusion of these two depositions, the parties shall prepare simultaneous supplemental briefs, not to exceed ten pages, and shall file them not later than August 10, 2007. The parties shall attach to their briefs the complete transcript of the two depositions (with Fahey's deposition as Exhibit A to Plaintiff's brief, and Lopez's deposition as Exhibit A to Defendant's brief). The parties shall also attach as exhibits to their supplemental briefs any of the additional evidence that the parties have agreed by stipulation to introduce. Upon the filing of these supplemental briefs, the matter will thereafter be submitted and the Court will issue its findings of fact and conclusions of law.

**IT IS SO ORDERED.**

Dated: June 22, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE